UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 18-CR-10251-ADB |
| v. | 18 U.S.C. § 2261A(2)(B) (Cyberstalking) |
| BYRON CARDOZO, | 18 U.S.C. § 875(c) (Interstate Threats) |
| Defendant | 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 (Criminal Forfeiture) |

JOINT STATUS REPORT & MOTION TO EXCULDE TIME
UNDER THE SPEEDY TRIAL ACT

Pursuant to Local Rule 116.5(A), the United States of America and the defendant submit this joint status report. The parties had a status conference scheduled for December 14, 2018, but defense counsel—who had entered a notice of appearance earlier in the week—was not aware of the scheduled conference and did not appear. The government reached out to defense counsel that day, and on December 19, 2018, the parties conferred by telephone and reached the agreements and understandings memorialized in this status report.

1. Automatic Discovery Status

As previously reported, the government produced automatic discovery on October 24, 2018. This included the production of additional materials, to facilitate the defense assessment of the case. Those materials were provided to defendant's prior counsel, and the file is now being transferred to the new counsel.

2. <u>Additional Discovery</u>

There are no discovery requests pending. The government has produced all materials that it intends to produce, with the exception of the forensic reports from electronic devices seized at the time of arrest, which are currently in the process of being forensically processed and examined. The government has obtained preliminary results of the examination and provided an oral description of the initial results to the defense. The government will provide the written forensic report when available.

3. <u>Protective Orders</u>

The parties do not request a protective order at this time. The new defense counsel has agreed to abide by the agreement made between the government and prior defense counsel: to redact the names of the victims in any public filings in the case and seek to protect the unnecessary public disclosure of the victim's identities by consulting with the government before any disclosure. Pursuant to that agreement, the government has produced discovery with only limited redactions, and has not redacted the victim names in the materials produced to the defense.

4. <u>Motion Date</u>

Defense counsel has not yet had the opportunity to review any of the discovery produced prior to his appearance, and requests additional time to review the discovery prior to determining whether to file any dispositive motions. Accordingly, the parties request an interim status conference date, prior to the Final Status Conference, at which point a motion date may be set, in approximately thirty days.

5. <u>Expert Discovery</u>

As previously reported, the government intends to offer evidence obtained from forensic devices obtained at the time of arrest and search.  The government anticipates calling a witness who will detail the forensic processes used to examine and extract data from the defendant's electronic devices.  The government will provide timely notice of the identity and credentials of its witness, assuming this witness must be qualified as an expert, not less than 21 days before any trial in this matter.  At this time, the government does not anticipate offering any additional expert testimony at trial.

6. <u>Speedy Trial Act Calculations</u>

The parties jointly request that the time from today, December 20, 2018, to the next Interim Status Conference be excluded from Speedy Trial Act calculations.  Exclusion of this time will allow the parties to review discovery and to explore disposition of this case short of trial and is in the interests of justice.  Therefore, the United States asks, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A), and 3161(h)(7)(B)(iv), that the Court exclude, from the 30-day period set out in § 3161(b) for seeking an indictment, the period from December 20, 2018 to the date of the next Interim Status Conference.  The ends of justice served by granting the requested exclusion outweigh the interest of the public and the defendant in a speedy trial, under § 3161(h)(7)(A).

Respectfully submitted,

| | |
|---|---|
| JANE PEACHY | ANDREW E. LELLING<br>UNITED STATES ATTORNEY |
| *s/Jane Peachy*<br>John Calcagni Esq.<br>Counsel for Byron Cardozo | *s/Amy Harman Burkart*<br>By:   Amy Harman Burkart<br>Assistant U.S. Attorney<br>Mona Sedky<br>Senior Trial Counsel |

Dated: December 20, 2018